UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ELMER EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:07-CV-247 |
| ) | (VARLAN/GUYTON) |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA and ) | |
| TRANSAMERICA CORPORATION ) | |
| DISABILITY INCOME PLAN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiff's Second Motion to Amend. [Doc. 32.] Plaintiff Elmer Edwards ("Plaintiff Edwards") requests leave, pursuant to Fed. R. Civ. P. 15(a), to amend the complaint to add AEGON, USA, Inc., as a defendant in this matter. Defendants Life Insurance Company of North America ("Defendant LINA") and Transamerica Corporation Disability Income Plan ("Defendant Transamerica") (hereinafter collectively referred to as "Defendants") have filed briefs in opposition to the proposed amendment [Docs. 33, 44], to which Plaintiff Edwards has replied. [Doc. 43.] The Court has carefully considered Plaintiff Edwards' first amended complaint [Doc. 16] and the parties' filings on the matter. [Docs. 32, 33, 43, 44.] The Court notes that Plaintiff Edwards has failed to comply with Local Rule 15.1, which provides:

> A party who moves to amend a pleading shall attach the original and one copy of the amendment to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of

> court, reproduce the entire pleading as amended and may not incorporate any
> prior pleading by reference.

L.R. 15.1. However, "[a] failure to comply with this rule is not grounds for denial of the motion." *Id.* Thus, the Court will proceed to determine the merits of Plaintiff Edwards' motion based upon representations in Plaintiff's Second Motion to Amend. [Doc. 32.]

## I. Relevant Facts

Plaintiff Edwards was an employee of Transamerica Commercial Finance when he discontinued working due to Crohn's Disease and related complications in 1990. [Doc. 16 at 2.] He then applied for and received benefits under the Transamerica Corporation Disability Income Plan. [Doc. 16 at 2-3.] In 2006, Plaintiff Edwards' benefits were terminated because he was allegedly not totally disabled. [Doc. 16 at 4.] Defendant LINA allegedly made the termination decision as the "named fiduciary" with the authority to control and manage the operation and administration of the Transamerica Corporation Disability Income Plan. [Doc. 16 at 2.] Plaintiff Edwards' subsequent appeals were denied by Defendant LINA, and the current lawsuit followed.

## II. Analysis

Plaintiff Edwards previously amended the complaint in this case to add Transamerica Corporation Disability Income Plan as an additional defendant. [Doc. 16.] Among the claims in the first amended complaint, Plaintiff Edwards alleges that "LINA, as *de facto* administrator, also denied access to information, including the name of the plan administrator, requested by Mr. Edwards and is liable for statutory penalties under 29 U.S.C.

§ 1132(c)(1). [Doc. 16 at 6.] In the present motion to amend, Plaintiff Edwards seeks to add AEGON USA, Inc., as a defendant "for the purpose of assessing liability for ERISA penalties only." [Doc. 32 at 2.]

Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted); *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985)). One instance in which a proposed amendment would be futile and should therefore be denied is when it seeks to add a cause of action that is not legally cognizable. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999).

Defendants LINA and Transamerica oppose the proposed amendment as futile. Defendant Transamerica contends that the adding AEGON USA, Inc., as a defendant is futile because (1) Defendant LINA could not have provided a policy to Plaintiff Edwards as there is allegedly no insurance policy from Defendant LINA or anyone else; (2) plan administrators cannot be liable for statutory penalties if the request for information was not directed to it; and (3) statutory penalties are not available under an agency theory. Defendant LINA's response brief contends that the motion is futile because (1) only the "plan

3

administrator" may be liable for penalties under 29 U.S.C. § 1132(c)(1); (2) Plaintiff Edwards is not entitled to penalties under the facts of this case because he was not prejudiced under 29 U.S.C. § 1132(c)(1); and (3) his underlying claim for benefits fails. In his reply, Plaintiff Edwards contends that the amendment is not futile because the pertinent Claim Consulting Agreement in this case provided for Defendant LINA to forward any requests to the plan administrator if it had notice of Plaintiff Edwards' requests for information.

Title 29 U.S.C. § 1024(b)(4) provides that a plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." A plan administrator who fails to comply within thirty days of a request for information from a plan participant "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1).

After careful consideration, the Court is not altogether convinced at this time that the amendment Plaintiff Edwards seeks would ultimately be futile in light of the factual allegations in his motion and relevant Sixth Circuit law. Defendants are correct that the Sixth Circuit has previously rejected the argument "that a plan administrator may be held liable based on information requests directed to someone other than the administrator." *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 961 (6th Cir. 2001). Thus, summary judgment was

4

appropriate when "[i]t is undisputed that the Master Plan Document defines Hiney Printing as the plan administrator, and that [the plan participant] directed her request for plan information to Administrative Consultants and Subro Audit, rather than Hiney Printing." *Id.*

However, the present motion is one to amend the complaint, not for summary judgment as in *Hiney Printing Co.*, 243 F.3d at 961. Many of the arguments presented by Defendants focus on what party is the "plan administrator," the merits of Plaintiff Edwards' underlying claim for benefits, and factual issues such as whether it was possible to provide a policy to Plaintiff Edwards. Because such issues require consideration of facts and evidence beyond Plaintiff Edwards' allegations, such arguments may be more appropriate in the context of summary judgment.

To the extent Defendants contend that Plaintiff Edwards proceeds under the rejected agency theory, Plaintiff Edwards has made sufficient allegations for the purposes of seeking to amend the complaint. In *Minadeo v. ICI Paints d/b/a The Glidden Co.*, 398 F.3d 751, 758-59 (6th Cir. 2005), a defendant similarly argued that it was not the proper defendant for a 29 U.S.C. § 1132(c) claim because it was not the administrator of the pension plan. The Sixth Circuit remanded the case due to insufficient information adequately explaining the relationship of an employer and the alleged plan administrator. *Id.* at 759. Thus, the Sixth Circuit has recognized the importance of a sufficient record when addressing whether a party can be held liable under 29 U.S.C. §§ 1024(b)(4), 1132(c)(1). *See Minadeo*, 398 F.3d at 759. In light of this authority, Plaintiff Edwards' proposed amendment would not be futile in light of the allegations regarding the relationship between Defendant LINA and the alleged plan

5

administrator, AEGON USA, Inc. *See id.* In rejecting Defendants' futility argument, the Court emphasizes that it makes no determination as to the merits of Plaintiff Edwards' claim and that the Defendants' argument may ultimately prevail upon proper motion.

## III.     Conclusion

Accordingly, the Court hereby **GRANTS** Plaintiff's Second Motion to Amend [Doc. 32] to the extent Plaintiff seeks to add AEGON USA, Inc., as a defendant.[1]  As provided by Local Rule 15.1, Plaintiff is **DIRECTED** to file the amended complaint within five (5) days of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[1] In his reply brief, Plaintiff Edwards appears to suggest that Transamerica Corporation is also liable as a "plan administrator" under 29 U.S.C. §§ 1024(b)(4), 1132(c)(1).  However, the motion to amend [Doc. 32] only seeks to add AEGON USA, Inc., as a party for a statutory penalties claim.

6

Case 3:07-cv-00247   Document 47   Filed 01/16/09   Page 6 of 6   PageID #: 556